UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
-------------------------------------------------------X
Alicia Mooney,

                       Plaintiff,

    -against-

Enhanced Recovery Company, LLC.,

                       Defendant.
-------------------------------------------------------X

FILED

2013 APR 11 PM 1:15

CLERK, US DISTRICT COURT
Civil Action No. MIDDLE DISTRICT OF FL
            JACKSONVILLE FLORIDA
3:13-CV-379-J-25MCR

**COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

Plaintiff ("Plaintiff" or "Mooney"), by and through her attorney, FREDRICK SCHULMAN & ASSOCIATES, Attorneys at Law, as and for her Complaint against the Defendant Enhanced Recovery Company, LLC ("Defendant" or "Enhanced Recovery Company, LLC"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## PRELIMINARY STATEMENT

1.       Plaintiff brings this action seeking damages and declaratory relief arising from the Defendant's violation(s) of §1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA").

## PARTIES

2.       Plaintiff is a resident of the State of Illinois, County of Cook, residing at 4918 West Kamerling Ave Chicago, Illinois 60651. At all relevant times herein, Plaintiff maintained her residence at this address.

3.       Upon information and belief, Defendant is a corporation incorporated under the laws of the State of Delaware and authorized to conduct business in the State of Illinois. Upon further information and belief, Defendant is engaged in the business of debt collection of debts incurred,

and alleged to be incurred, for personal, family or household purposes, and is a collection firm with its principal place of business at 8014 Bayberry Rd, Jacksonville, Florida 32256.

4. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5. Upon information and belief and at all relevant times, Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA. Indeed, upon information and belief, on a website maintained by the Defendant at the URL address of www.erccollections.com, Defendant informs visitors to the site "ERC provides the following receivables management collection services: Pre-Collect (First and Third Party), Primary Collection Services, Secondary Collection Services…" Thus, Defendant holds itself out as an entity engaged in the business of being a "debt collector" and is subject to the requirements of the FDCPA.

6. Upon information and belief, Defendant was attempting to collect a "debt" from the Plaintiff as that term is defined in 15 U.S.C. §1692a(2) of the FDCPA. Upon further information and belief, at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. §§1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10. Plaintiff allegedly incurred a debt to AT T, account number XXXX5028. Upon information and belief, the nature of the underlying debt allegedly owed by the Plaintiff is the type of debt the FDCPA was designed to regulate.

11. On or about November 9, 2012, Plaintiff became aware of an item reported on his credit report by Defendant.

12. On or about November 9, 2012, Plaintiff sent a dispute letter to Defendant, requesting validation of the Alleged Debt (See letter, attached hereto and incorporated herein by reference as "Exhibit A").

13. Defendant received the letter via facsimile on November 12, 2012.

14. Defendant willfully failed to update the Plaintiff's credit report as disputed to reflect the accurate status of the debt (See credit report, attached hereto and incorporated herein by reference as "Exhibit B").

15. Defendant left its wrongful and incomplete information on the credit report despite its knowledge of the dispute. This significantly harmed the Plaintiff and his credit reputation.

16. The foregoing action by Defendant violated 15 U.S.C. §1692e, which prohibits the use of any false, deceptive or misleading representation or means in attempt to collect a debt.

17. The foregoing action by Defendant violated 15 U.S.C. §1692e(8), which requires that disputed account be communicated as disputed.

18. The foregoing action by Defendant violated 15 U.S.C. §1692e(10), which prohibits the use of false representation and deceptive means in attempt to collect a debt.

19. The foregoing action by Defendant violated 15 U.S.C. §1692f which prohibits using unfair and unconscionable means in attempt to collect a debt.

20. As a result of the Defendant's deceptive, misleading and/or unfair debt collection practices, the Plaintiff has been damaged.

21. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## FIRST CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

23. The Defendant's conduct violated 15 U.S.C. §1692e in that the Defendants used false, deceptive and misleading representation and means in attempt to collect a debt.

24. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(8)

25. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26. The Defendant's conduct violated 15 U.S.C. §1692e(8) in that the Defendantfailed to communicate with the credit bureau that the disputed debt was disputed.

27. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### THIRD CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(10)

28. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

29. The Defendant's conduct violated 15 U.S.C. §1692e(10) in that the Defendant used false representation and deceptive means in attempt to collect the alleged debt.

30. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### FOURTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692f

31. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "30" herein with the same force and effect as if the same were set forth at length herein.

32. The Defendant's conduct violated 15 U.S.C. §1692f in that the Defendant used unfair and unconscionable means in attempt to collect a debt.

33. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

34. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Alicia Mooney demands judgment from the Defendant Enhanced Recovery Company, LLC, as follows:

A. For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2):

C. For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D. For a declaration that the Defendant's practices violated the FDCPA; and,

E. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
February 28, 2013

Respectfully submitted,

By: *Jerald Alan Belofsky*
Jerald Alan Belofsky
FREDRICK SCHULMAN & ASSOCIATES
Attorneys at Law
Attorney for Plaintiff
30 East 29TH Street
New York, New York 10016
(212) 796-6053